BRADLEY, Judge.
Plaintiffs, Andrew R. Lea and Douglas R. Deru, Partners, d/b/a Falcon Construction Company, sued defendant, Eugene C. Bennett, for work and labor done, breach of contract, and on an open account. Defendant denied liability generally and for the reason that the work had not been performed in a workmanlike manner, and then counterclaimed for damages for failure of plaintiffs to perform the work in a workmanlike manner, misrepresentation, and fraud. The court, sitting without a jury, found for plaintiffs in the amount of $4,200.00 and against the defendant on his counterclaim. Defendant appeals. We affirm.
On August 31, 1976 the plaintiffs and defendant entered into a contract whereby the plaintiffs agreed to construct a house for the defendant. The agreement provided that the defendant would pay for the cost of the construction plus a seven percent fee to the plaintiffs. Subsequently the plaintiffs orally agreed that this seven percent fee would be applied to only $60,000 if construction costs exceeded this amount.
The plaintiffs’ construction of the house was halted by the defendant prior to completion due to defendant’s financial condition. The defendant did take possession of the house, but refused to pay the plaintiffs’ seven percent fee.
The defendant’s basic contention on appeal is that the trial court’s judgment is not supported by the evidence.
At the outset we should note that in cases of this nature there is a presumption in favor of findings of fact made by the trial court since it hears the disputed evidence ore tenus. This presumption precludes our reversal of the trial court’s judgment unless it is clearly erroneous and against the great weight of the evidence. Alabama Farm Bureau Mutual Insurance Co. v. Davis, Ala.Civ.App., 354 So.2d 15 (1978).
In light of the ore tenus rule, we do not think the trial court’s judgment was in error. The plaintiffs introduced into evidence a written contract signed by the defendant. The terms of the contract clearly indicated that the defendant agreed to pay the plaintiffs a contractor’s commission in the amount of seven percent of the cost of constructing a house for the defendant. The defendant has testified that the approximate cost of the house was $60,000. The defendant does not deny the existence of the contract and has offered no evidence refuting the validity of its terms. In view of this evidence, we cannot say the trial court’s judgment in favor of the plaintiffs was clearly erroneous or unsupported by credible evidence.
The defendant has also appealed the trial court’s denial of his counterclaim. The counterclaim alleged breach of an implied warranty of workmanship, fraud, and misrepresentation on the part of the plaintiffs.
The evidence concerning the defects in the construction of the house is conflicting. The defendant testified that a basement wall in the house was cracking and bowed inward due to pressure from the soil outside the wall. He testified that he informed the plaintiff, Andrew Lea, of this defect, but that Lea did nothing to correct it. Mr. Lea took the position that he was not given an opportunity to cure the structural defect. He testified that he was willing to correct the defect in the basement wall if the defendant would pay for it as provided by the contract. Mr. Lea also testified that the house was built according to blueprints supplied by the defendant, plus each stage in the construction of the house was inspected and approved by the city building inspector. We think the above cited testimony supports the conclusion that the trial court’s denial of the defendant’s counterclaim for breach of implied warranty of workmanship is supported by credible evidence.
The defendant’s counterclaim for fraud and misrepresentation is based on an agreement between the plaintiffs and the defendant concerning payment for services performed by subcontractors. The agreement provided that the defendant would pay the plaintiffs for services performed by subcontractors for their services. The defendant argues that the plaintiffs did not *95 pay the subcontractors the full amount paid by the defendant for such services, and therefore improperly withheld funds. The plaintiffs do not deny that funds were withheld from the subcontractors, but contend that the funds withheld were for maintenance and overhead,, equipment, a two percent city earnings tax, and advances made to employees. There is also conflicting testimony by Mr. Lea and the defendant as to the exact manner in which the subcontractors were to be paid. We think the evidence is clearly disputed on this issue. Therefore we cannot hold that the trial court’s denial of the defendant’s counterclaim for fraud and misrepresentation is so against the great weight of the evidence as to require reversal.
The judgment of the trial court is affirmed.
AFFIRMED.'
WRIGHT, P. J., and HOLMES, J., concur.